**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



Jan 28 2014, 11:31 am

ATTORNEY FOR APPELLANT:

**CHRIS P. FRAZIER**
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MICHAEL GENE WORDEN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JESSE IMEL, ) | |
| ) | |
| Appellant-Defendant, ) | |
| ) | |
| vs. ) | No. 48A04-1306-CR-280 |
| ) | |
| STATE OF INDIANA, ) | |
| ) | |
| Appellee-Plaintiff. ) | |

APPEAL FROM THE MADISON CIRCUIT COURT
The Honorable David A. Happe, Judge
Cause No. 48C04-1208-FA-1628

**January 28, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

Jesse Imel ("Imel") pled guilty to Incest, as a Class B felony,[1] and was sentenced to eighteen years imprisonment. He now appeals his sentence.

We affirm.

## Issues

Imel presents two issues for our review, which we restate as:

I.   Whether the trial court abused its discretion when finding aggravating factors at sentencing; and

II.  Whether the sentence is inappropriate under Appellate Rule 7(B).

## Facts and Procedural History

Imel, born in 1980, was the father of a child, J.I., who was born out of wedlock in 2004. Imel and J.I.'s mother, Misty, agreed that J.I. would spend almost every weekend with Imel. Between February 2011 and June 2012, J.I. visited Imel at his home each weekend or every other weekend. At times, J.I. would sleep in Imel's bedroom. On several of these occasions, Imel digitally penetrated J.I.'s vagina. J.I. eventually reported this conduct to Misty, which led to the initiation of a police investigation.

On August 28, 2012, the State charged Imel with Child Molesting, as a Class A felony;[2] Attempted Child Molesting, as a Class A felony;[3] Incest, as a Class B felony; and Attempted Dissemination of Matter Harmful to Minors, as a Class D felony.[4]

---

[1] Ind. Code § 35-46-1-3(a).

[2] I.C. § 35-42-4-3.

[3] I.C. §§ 35-42-4-3 & 35-41-5-1.

2

On April 22, 2013, Imel entered a guilty plea as to the charge of Incest, as a Class B felony. Consequently, the State moved to dismiss the other charges against Imel.

On May 13, 2013, a sentencing hearing was conducted. Misty and a friend, Heither, testified about the effect of Imel's conduct upon J.I. The court also heard testimony and received evidence concerning Imel's ongoing mental health problems. At the conclusion of the hearing, the trial court sentenced Imel to eighteen years imprisonment.

This appeal followed.

**Discussion and Decision**

<u>Aggravating Factors</u>

Imel's first contention on appeal is that the trial court abused its discretion when it found aggravating factors using facts that were not incorporated into his guilty plea.

Generally, we review a trial court's sentencing decision for an abuse of discretion. Anglemyer v. State, 868 N.E.2d 482, 490 (Ind. 2007). An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it. Id. At sentencing, where a trial court has abused its discretion, we will only reverse and remand for resentencing "if we cannot say with confidence that the trial court would have imposed the same sentence had it properly considered reasons that enjoy support in the record." Id. That is, if the trial court would have reached the same result in fixing a defendant's sentence even with proper determination of aggravating and mitigating factors,

---

[4] I.C. §§ 35-49-3-3 & 35-41-5-1.

we will not disturb the sentence unless it is inappropriate under Appellate Rule 7(B) or subject to some other defect.

Here, among the aggravating circumstances found by the trial court are that Imel exposed J.I. to pornography and barred the door to the room during the commission of the subject offense to which Imel pleaded guilty. Imel recognizes our supreme court's holding that a trial court need not "turn a blind eye to the facts of the incident" that gave rise to a guilty plea, where a plea agreement is silent as to limits upon the trial court's use of "enhancements from underlying charges that were dismissed, or from the original charges from which a lesser included plea is taken." Bethea v. State, 983 N.E.2d 1134, 1145 (Ind. 2013). Imel observes, however, that here he pled guilty without a written plea agreement, and argues that "the rationale … in Bethea does not apply, since Imel did not contract with the State for a specific set of terms or benefits." (Appellant's Br. at 10.)

We do not agree with Imel's argument that this distinction means that the trial court's use of the aggravating factors was an abuse of discretion. Here, Imel pled guilty without a written plea agreement; but he did so with apparent knowledge that the State would move to dismiss the other charges against him:

> [IMEL]: … The State has offered, um, to dismiss Counts I, II and III, and IV, upon [Imel's] pleading to Count…
>
> [STATE]: It's not a plea offer, he's pleading open on the B, count…
>
> [IMEL]: Right, pleading open on the B [felony charge of Incest]. But contingent upon that the other three (3) [charges] will be dismissed.
>
> [COURT]: All right. So Mr. Imel will plead guilty to Amended Count III, Incest, B Felony, the remaining charges would be dismissed?

4

\*\*\*

[COURT]:    All right.  And there's no other agreements other than that?

[IMEL]:    No.

(Tr. at 4-5.)

Thus, while the trial court acknowledged the absence of a written plea agreement, the substance of an agreement—Imel pled guilty to one charged offense, contingent upon the State's dismissal of the other charged offenses—was nonetheless present.  Subsequent to this, Misty testified during the sentencing hearing concerning J.I.'s statements to her and to police that Imel had barred the door to his bedroom on occasions during which he abused J.I., and that Imel showed J.I. pornographic materials on his computer.

Under these circumstances, we cannot conclude that the lack of a written plea agreement precluded the trial court from taking into consideration testimony related to dismissed charges in reaching a sentencing decision.  We accordingly find no abuse of discretion in the trial court's finding of aggravating factors when it sentenced Imel.

<u>Inappropriateness</u>

We turn now to Imel's second contention on appeal that, under Appellate Rule 7(B), his sentence is inappropriate in light of the nature of his offense and his character.

The authority granted to this Court by Article 7, § 6 of the Indiana Constitution permitting appellate review and revision of criminal sentences is implemented through Appellate Rule 7(B), which provides: "The Court may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is

5

inappropriate in light of the nature of the offense and the character of the offender." Under this rule, and as interpreted by case law, appellate courts may revise sentences after due consideration of the trial court's decision, if the sentence is found to be inappropriate in light of the nature of the offense and the character of the offender. Cardwell v. State, 895 N.E.2d 1219, 1222-25 (Ind. 2008); Serino v. State, 798 N.E.2d 852, 856-57 (Ind. 2003). The principal role of such review is to attempt to leaven the outliers. Cardwell, 895 N.E.2d at 1225.

Here, Imel was convicted of a single count of Incest, as a Class B felony. This carried a sentencing range of six to twenty years imprisonment, with an advisory term of ten years. I.C. § 35-50-2-5. Imel was sentenced to eighteen years imprisonment, with no time suspended to probation.

The nature of Imel's offense is that, when he was around thirty years of age, Imel sexually abused his daughter, J.I., who was seven or eight years old. As the victim's non-custodial father, Imel was in a position of trust as to J.I., who was on these occasions staying with him under an agreement with Misty. During the sentencing hearing, Misty testified that J.I. told her about incidences of Imel barring the door to his bedroom during incidents of abuse, and about Imel showing her pornographic materials. Misty and Heither both testified that since the abuse, J.I., who was nine years old at the time of the sentencing hearing, was no longer playful, seemed overly serious for her age and overly concerned with the safety of other children, changed her underpants numerous times each day, would not be alone with

6

males, and would no longer sleep alone. Misty summarized the effect upon J.I. by testifying that Imel "ruined our child's life." (Tr. at 34.)

As to Imel's character, we recognize that he pled guilty and expressed remorse; the trial court gave some weight to this, as well as to Imel's long-standing diagnoses of schizophrenia, agoraphobia, bipolar disorder, and anxiety, for which he took numerous prescription medications. Imel also indicated in the Presentencing Investigation report that his father was abusive and was an alcoholic, though Imel also stated that at the time of his sentencing he had a good relationship with his father. Yet Imel has a prior criminal record, including three adjudications as a juvenile delinquent; two of these involved abuse of marijuana or alcohol. Imel's adult criminal record also reflects a series of convictions related to the abuse of alcohol and marijuana, as well as an incidence where Imel violated the terms of his probation and refused treatment for substance abuse. Imel obtained a G.E.D. in 2003, but has been employed only once, in 2006.

Having thus reviewed the matter, we conclude under Appellate Rule 7(B) that the trial court did not impose an inappropriate sentence, and the sentence does not warrant appellate revision. Accordingly, we decline to disturb the sentence imposed by the trial court.

**Conclusion**

The trial court did not abuse its discretion in finding aggravating factors during sentencing. Imel's sentence was not inappropriate.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.

7